Next case on the docket is 514-0451 Robinson Township v. Estate of Wilson And I have two lawyers listed Are you going to split your time or just one of you speak? And you're Ms. Moreci? Am I pronouncing that right? Ms. Moreci, you may proceed when you're ready Good morning, my name is Amanda Moreci and I am here on behalf of the Estate of Gary Wilson To request that this court reverse and vacate the Circuit Court's Office 7 2014 Orders Denying the Estate's motion for summary judgment in terminating the case And the second order which granted sanctions for Robinson Township against the Estate These orders should be reversed and vacated based on four reasons The first reason is that there was no final order entered And the case was not terminated until August 7, 2014 At the time that the Circuit Court determined that it had been concluded in August of 2012 The second reason is because Robinson Township was allowed to proceed to take the Estate's property Without proving its case pursuant to the eminent domain act And do you think that's a void or avoidable issue, number two? Number two, given the fact that they did not have the authorizing authority to proceed I would say that the subject matter jurisdiction was not present However, this court has previously determined that this was a voidable issue in the administrative proceedings Now, in that same respect, the court did not have this entire case file in front of it at that time And it even said that it did not, pursuant to the record here on page 113 It did not have the entire case file in front of it for the eminent domain proceedings So you don't think that that holding or that decision is the law of the case? I think that that holding was specifically preventing the Estate from collaterally attacking the order entered in a different proceeding Here we have two different proceedings We have the administrative hearing which proceeded on the basis of the attack against the county's, excuse me Against Crawford County's highway commissioners finding that this was a necessary project That does not negate the fact that this proceeding, that the petition to alter the roadway Was not even filed until 124 days after Robinson Township had filed the eminent domain proceeding on August 4th of 2010 However, in the order that you referenced, again and again the court brought out that you were actually raising the eminent domain issues Correct? Correct, and that's why this court dismissed it saying that it was an impermissible collateral attack on a different proceeding And that's why we are here, because there had been no final order entered in this proceeding The only order that was entered was, excuse me, there were two orders entered Determining the value of a property in which the subject property was contained These orders did not at all comply with the section 10-570 of the eminent domain act Specifically, it didn't list the mandatory requirements of these judgments pursuant to 10-570 It did not determine, one, that the subject property But isn't that, in essence, your argument that they were, it was an erroneous result Or the judgment should not have been entered because it wasn't in compliance with the eminent domain statute No, Your Honor, that actually goes to say that there is no final judgment in this order There was no final judgment on April 17th, 2012 There was no final judgment as of August 12th, excuse me, August 21st, 2012 The court considered there to be a final judgment The court only considered there to be a final judgment on August 7th, 2014 There was no, the circuit court did not make any sort of rulings upon the merits of the case The only way that an order is appealable is through 301 or 304A in this instance 301 deals with appealability of final judgments The final judgment is when there are no issues left to be resolved The August 21st, 2012 and the April 17th, 2012 orders left numerous issues up in the air First and foremost, there was no description of the property Second, there was no language in there upon which the use of the property was to be established There was no language regarding whether or not the payment was to be made to the county treasurer To proper county treasurer or to the Wilsons There was no language in there specifying the subject property There was also no language in there indicating any sort of vesting of title upon the reasonable payment Upon the payment of a reasonable time Was there an amount in that order? The amount was only per acre It didn't even specify that the amount, the exact amount for the property that sought to be taken Well, except that it did say that there was the taking involved of 0.7 per acre Correct Amount and then it gave a per acre value and that's just simple math It wasn't like there was a mistake in the calculation Correct Your Honor, and that's understandable Regardless that when read in conjunction, when 10-570 is read in conjunction with 9-515 Which construes the eminent domain power and the eminent domain act strictly against the condemning party That they have to specifically comply It goes to show that this exact amount needs to be in there for clarity Again, the subject property, the legal description of the subject property wasn't included There was no indication, there was no other language pursuant to 10-570 that should have been there That wasn't For instance, there was no language that indicated that the property would vest upon the payment There was no language as to when the payment was to be made to Robinson Township There was no language that indicated at what point they would be allowed to take possession of the property All of these which are required by 10-570 of the eminent domain act were lacking in the April 17, 2012 And in the August 21, 2012 order And that is why legally it cannot be considered a final order Also, it does not meet the requirements of Supreme Court Rule 301 Rule 301 gives the right to appeal upon a final order A final order is final when it terminates the litigation upon the merits There was no decision upon the merits here in this case There was none So, I'm not clear what relief you're asking for We are asking for the August 7, 2014 orders that have denied summary judgment And terminated the litigation to be reversed and vacated Based upon the fact that Robinson Township has failed to comply with the requirements of Goldman We are also asking for this court to reverse and vacate the August 7, 2014 order granting sanctions pursuant to 137 Principally because there is no way, given the fact that there was no final order entered That the summary judgment was not procedurally sound It was procedurally sound, no final judgment order had been entered And it stated specifically, which is uncontested, that Robinson Township failed to comply with the requirements of Goldman There is no question of dispute I noted though that Goldman is different in the sense that that was during the pendency of the case It was a post-trial motion Correct, Your Honor, it was a post-trial motion It was a post-trial motion, but here there was So there's no collateral attack issue But in this case, Your Honor, we're contending that there's no collateral attack issue I know what you're contending, but there is obviously a variance in the facts I think that was made clear in the last order In Goldman What Justice Chapman said was made clear in the last order That this was a collateral attack Because it was made through the eminent, not through the eminent domain proceedings But it was made pursuant to the It was made in conjunction with the administrative review proceedings Which was an entirely different proceeding It was an entirely different proceeding because it was brought I'm still not sure So you want this court to avoid the August 7, 2014 order, the denied summary judgment And then you want the case to proceed? No, Your Honor I'm not sure what you want Do you want this court to vacate with directions to enter an order Determining that there was no genuine issue of material fact That Robinson Township failed to comply with requirements of Goldman In that it did not initiate any sort of ordinance, formal proceeding, or resolution Until 124 days after it had filed this eminent domain proceeding But they had the right then to go through the process that they did 124 days later, right? Actually, no, pursuant to Goldman, Your Honor Goldman has said that a retroactive formal proceeding No, I'm saying they could have started over Absolutely, Your Honor And in fact, Robinson Township admitted this And that is located in the CR page 198 When they said that they could have And that they should have actually voluntarily dismissed the action And refiled it So your real complaint is that if they procedurally If they would have voluntarily dismissed And the same activities would have gone on There would be no case here But since they relied on an amended petition And the reliance back The 124 days that that process was wrong Absolutely, and pursuant to That's the only thing So your client still would have lost the property on an eminent domain Had they voluntarily dismissed and then refiled after the resolution Correct, if they had decided to procedurally And properly do this according to the eminent domain act That would be the scenario where it is Unfortunately, for Robinson Township, they did not They have elected, despite their knowledge otherwise To proceed with this action Despite Goldman, despite Forest Preserve Township Despite the YWCA cases, which are all progeny of Goldman And state that the principle that you cannot one retroactively pass Of ordinance, formal resolution, or excuse me, formal action That will legitimize the filing of the case And that does not happen Whether or not there has been any sort of harm is not germane And that's actually quoted in Goldman Not only that, you have retroactive Retroactive passing cannot Cannot revive a defunct petition That was not filed when there was this basis for the taking The necessity of the taking The, and according to Goldman The law actually states that there are That the, that the bad action is actually inferred upon The Robinson Township when it is proceeding like this That is a direct quote, excuse me, not a direct quote But that is what Goldman holds Goldman holds that the input point is assumed Could you deal with the sanctions issue? I'm not sure why the court did that Your Honor, that is a very good question And we're not sure why the court issued sanctions either According to the circuit court The court issued sanctions because She felt that this matter had been What's put in there, concluded On August 21st, 2012 And she found that A number of issues on the sanctions But she found that this was brought in order to delay the proceedings even further And what was brought? That summary judgment that was filed in February of 2014 The very final one Yes, yes So she believed that it was filed, what, 14, 15 months after the final decision? For what she interpreted as the final decision As the final decision Yes, correct, what she interpreted as the final decision Now even in the Was there a, I haven't had a chance to look at the records So was there a motion filed by the Township? For sanctions? Yes, yes there was, Your Honor And was there a formal hearing held? There was a formal hearing in conjunction with the summary judgment, Your Honor There was hearing on both the summary judgment and the motion for sanctions on the same day Okay And the motion for sanctions, Your Honor Was contingent upon the court's misinterpretation that the matter was concluded However, the matter was not concluded And the court even said that she guessed that this matter was concluded She actually used the word guessed And that is on page, up the record, CR 203 She guessed that this was terminated She also made the decision in finding that the 304A language wasn't required to be put in Well that, Your Honors, is clearly against Supreme Court Rule 304 And against this court's decision in Rauscher v. Albert Where the court actually held that it did not have jurisdiction Because the 304A language wasn't complete It didn't have both of the elements of appealability and enforceability And that's another reason why this final judgment order, what the Robinson Township And what the circuit court declared was a final judgment order Was not actually a final judgment order I mean, when you have an issue where the judge says that she guessed that it was terminated On a certain date, that doesn't lend to any sort of finality of a judgment Well, I'm looking at the prior order that you say is the administrative appeal However, when I read it, all I read is the crux of the whole thing Is the attack on the eminent domain issue And I don't have the briefs, but it does say The court says, there is no suggestion in the case at bar That the circuit court entering the eminent domain judgment against Gary Wilson Did not have jurisdiction over the subject matter or the parties in the eminent domain action Correct, Your Honor And you're saying that we are to disregard that? No, Your Honor, that's not what I'm saying I'm saying that the administrative decision was perceived as a collateral attack On an entirely different proceeding So, because that matter And the court actually found that there was jurisdiction Because the court had jurisdiction over the parties And that was the whole issue On summary judgment, it was argued that the court did not have subject matter jurisdiction Because of Robinson's Township's failure to pass this To initiate formal action until 124 days after it filed the eminent domain proceeding But wouldn't that go to the voidability of the judgment? Correct, and regardless of whether it's a void or it's a voidable argument Here we have an issue where there was no final judgment entered And we are well within the realms of bringing up And we are not precluded from arguing Goldman Which is essentially what Robinson Township is attempting to argue They are attempting to argue that their failure to properly proceed Under an eminent domain proceeding But let me ask it to you in two ways First, wasn't that original order that found the value, the final order? No, Your Honor, that was not a final order And it was not a final order because it didn't Isn't that what Judge Harrell found in her orders that you're appealing? She did find that it was concluded, Your Honor That's different? Well, it certainly doesn't seem that there was any sort of decision on the merits of the case On the merits of the traverse, of the merits of Which order are we talking about? It says it's concluded The 21 or the 17 When's your order? Well, we're actually talking about how she said it was concluded And that would be in the August 7, 2014 order That she's referring to back in August of 2012 Correct, she was referring back to the August 21, 2012 order Which was the order that was on the motion to reconsider Filed by Robinson Township regarding the values For the valuation Yes, Your Honor, absolutely Because the original order on the valuation was entered on April 17, 2012 I'm sorry, did you have any other questions? Well, when Craig came by, I was about to ask a question I was going to wait for the We'll give you time to extend time But the question was about the first issue, the traverse That was already decided in the MR appeal, was it not? No, Your Honor, that was not, the traverse was not decided in the MR appeal The MR appeal actually made the finding that It was an impermissible collateral attack of the eminent domain procedure Excuse me, of the eminent domain order And did not address that But you were appealing the administrative order Yes, we were And the court accused your parties of essentially trying to raise The appeal that they didn't make related to the eminent domain Well, that was Is that fair to say? Yes, Your Honor And that was basically the crux of your whole argument Was the authority for the eminent domain appeal Correct, Your Honor, and that is why I was surprised that this court said that, one, it did not have this file in front of it It did not have this April 17, 2012 order in front of it All it had in front of it was the order entered on August 21, 2012 Which is one page, and for Your Honor's reference, it is on page 90 of this record It's on C90 And it just says that the valuation is to be $4,092 and some change And that's the only thing that this court had in front of it when it weighed whether or not This was a permissible collateral attack on another proceeding Can you tell me what happened to bring this matter back before the court on 2014? In 2014, the attorney for the estate has brought Go ahead Okay, thank you A motion for summary judgment based on Robinson Township's failure to comply with Goldman and its progeny And that is what happened So that's the procedural vehicle that brought the order Yes, Your Honor And that is the first time that that order, and it's specifically pages 109 through 119 And that deals with the record, because it has the administrative review case attached But that deals primarily with And that is the first time that the circuit court had said that this case was concluded on August 21 Okay, but Go ahead I'm sorry Well, I note that this court ruled on January 15th of 2014 Related to the administrative review That's right And issued its rule 23 And then three weeks later is when you filed the motion for summary judgment related to the eminent domain case, correct? Correct, and that's based on the fact that there was no final order entered in the eminent domain case Which you just became aware of, or what? I don't understand the question Well, you know, I'm confused What confuses me is that when you read the MR case order, it's all about the eminent domain It's not about the administrative review In fact, they accuse essentially you of trying, not you personally, but Of trying to appeal something that you didn't appeal when you should have appealed it And trying to raise those arguments here, and it's all inappropriate And that's why they basically come out with the ruling that they do That you can't collaterally attack the eminent domain case because it was a judgment and you didn't appeal So then that did not go in your favor And so then you take the second approach that it really wasn't concluded And that's when you file the summary judgment Which then explains why the judge, the trial court judge, may have issued the sanctions Because she clearly believed, and it was her decision, that it was a final judgment Back in 2012 That's how procedurally it did, and that's absolutely correct However, the issue is that this court did not have the eminent domain proceedings in front of it And it was not able to see that the April 17, 2012, or the August 21, 2012 Were not actually final judgments, did not dispose of this litigation on the merits And it just didn't, and that's actually cited in the case In cases that, excuse me, the court said that the only thing that they had in front of it Was the April, excuse me, the August 21, 2012 order Which is, again, a one-page order reducing the amount of value And did not at all comply with 10.570 of the eminent domain act Not only that, I don't even think that the circuit court was clear Because she even said in the transcript that she guessed that this matter was concluded So I don't even feel as if the circuit court had an idea that this was Also, if this was a final judgment, it's very questionable as to why At any point during the eminent domain proceeding, if they thought that this was a final order Then they certainly could have, upon their right, done a motion to the court Requested the court to issue, to essentially put in the 10.570 language And they did not, they elected not to Just as they elected not to voluntarily dismiss this action back in September and October of 2010 And refile the litigation as would have been proper Pursuant to the Supreme Court case of Goldman, Forest Preserve Drive in the 2nd District Excuse me, the Forest Preserve versus DuPage As well as the YWCA case, which is another Supreme Court case Which clearly all stand for the principle that the taking cannot be initiated Through the retroactive application of an ordinance, resolution or final order Excuse me, not a final order, but a formal action that was not filed Prior to the institution of the eminent domain proceeding Are there any more questions, Your Honor? I don't think so, thank you Thank you Okay, is it Uppenkamp? Mr. Uppenkamp? Whenever you're ready, sir May it please the court My name is Heath Uppenkamp and I represent the Appellee Robinson Township in this matter The first thing I would like to do for the court is to address the issue of whether the Circuit Court's order of August 21, 2012 Was a final judgment for purposes of Supreme Court Rule 301 Both parties to this appeal agree that if there are no Quote, matters of substantial controversy, end quote, which remain to be decided An order shall be considered a final order In this case, the Circuit Court's order on the township's motion to reconsider Which was entered in August of 2012, disposed of the litigation on its merits And no matter of substantial controversy remained after the entry of said order The timeline here is very important And the first critical order in this case was the Circuit Court's order denying the estate's traverse And that order was entered on December 5, 2011 A traverse is the method by which a party objects to a condemning entity's authority to condemn Now, the estate argues that the Circuit Court denied its traverse on the sole basis That the township strictly complied with the Highway Code's notice requirement But that argument is without merit The estate points to the Circuit Court's order denying the traverse which states Quote, this court will only address the issue of notice, end quote What about her argument that you didn't file a motion to invest highly? Your Honor, that is a motion that would be filed after payment has been made And the township had taken possession of the property That is not what determines whether a final order has been entered or not, though That is not a matter of substantial controversy which has to be decided In an eminent domain case, there are essentially two matters of substantial controversy One, did they have the authority to condemn? That issue was decided when the traverse was denied Two, what are the damages to be paid to the property owner? That issue was decided when the trial on damages happened Those are the two issues of substantial controversy which are involved in an eminent domain case Both of those were resolved with the court's order of August 2012 That is when the final order in this case was entered That is a matter that may come after the final order, the order issuing title But the case was over and the court so found, the circuit court so found in issuing sanctions The court was, the case, the August 2012 order was a final order Do you agree, though, that you can't file a petition to condemn somebody's property without some resolution? Your Honor, that is in fact the sole holding of Goldman You must have it, but And so that's what happened in this case Your Honor, what happened in this case was that the township filed its complaint And this is where the significant difference exists between the estate and the township The township filed its complaint and at that time it's correct that it was not in compliance with Goldman So And in reading it, I'm sorry to interrupt, but in reading our Rule 23 order I didn't see any real discussion of the timing of that first petition We discussed a petition, we discussed what the timeline was with the road commission But the issue of whether the very first complaint in this case was filed before there was any kind of resolution Did not seem to be raised in our other order Do you agree with that? I would agree, there was not a complete discussion So if in this case the commission did not have a resolution at the time the complaint was filed How do we ever get to the end where we have a valid order? What process makes it valid? Whether or not it's void or voidable I think that's How do we get there? Yeah, you're right, we get there No, but I do think the whole crux of the matter is whether or not we do determine whether or not there's jurisdiction And if there's jurisdiction, it's voidable And if there was a conclusion, a judgment, then the court did have authority to enter a judgment And then it was collaterally attacked, which they didn't have the right to do 15 months later But if there's no subject matter jurisdiction That's the issue Tell me how we get there Explain that to me I think it's the distinction between the filing of the complaint and the filing of the first amended complaint In this case, the complaint was filed Okay, so an amended complaint relates back In this case, specifically, because counsel for the estate agreed that it would, it does Nobody can agree to waive subject matter jurisdiction Nobody can do that Right? Or wrong? You can agree to waive personal jurisdiction, but I don't know of anything that says you can agree to waive subject matter jurisdiction What are you relying on for that? You're right, Your Honor So she can agree to anything, but if it's Okay If this is, if it is, and I'm asking, is this process, the resolution, then the complaint, or the complaint, the resolution, an amended complaint that relates back Is that process subject matter jurisdiction? I think the answer to the question, Your Honor, is Goldman says you have to have an authorizing resolution at the time you file an amended domain complaint So is that, that is subject matter jurisdiction? I would say that is subject matter jurisdiction So she can't agree to waive subject matter jurisdiction? No, but And does the statute give authority? And perhaps how that is approached may be an error, but that does not take away the authority for the state to act in acquiring subject matter jurisdiction And that's why it's voidable rather than void If you look at Mitchell in those cases And, Your Honor, again, I would note Okay, Justice Chapman has just helped you, can you expand on that argument? I'm trying to kind of work it through in my mind as well I agree, and it's something that I think I'm doing myself Are you? I'm trying to also follow with that, with what I'm wondering if you can expand on that argument, if you're prepared to do that, if not, that's fine Right We can do that ourselves Yeah, I'm not sure I am I would just, the point that I would like to make is that at the time that the first admitting complaint was filed, which is essentially where this case began The authorizing resolution was in place and the township was fully compliant with the requirements of the school And so I would say this case began with the first admitting complaint and it was in compliance with the school But I just don't, in my own mind, I don't think we can ignore the fact that there was an originating complaint without a resolution And then, as Justice Chapman indicated, we need to determine whether the procedural factors that went on make this a void or avoidable order Now, let's get to, in my own mind if we could, let's get to 2014 I want to follow up on something Justice Morris, you got Evidently, two years went by and the township did nothing They didn't seek to get title, they didn't pay, as I understand it, there's no payment made Am I wrong about that? Well, Your Honor, payment was tendered, payment was not accepted by Okay, so it was tendered It was tendered Okay Anything else that was done, I mean, they make it sound like two years went by and nothing happened Right, and I think the context of the administrative review proceeding gives some context for that Once the eminent domain case concludes, there are still many more steps that have to happen in order to straighten a township roadway More public hearings, because now you have the exact amount that has to be paid, you have to have another public hearing And then, Mr. Wilson appeals that, and then we get before the appellate court It did not make sense for the township to rush, rush on the eminent domain, take possession, do all that So you waited for our process to go on That's correct, Your Honor Okay And it wouldn't have made sense to straighten a roadway and then have the appellate court say, you weren't allowed to straighten the roadway So that is why, payment was in fact tendered, but it's why the township didn't jump onto the property and start straightening the roadway That's why there were two separate tracks going on here, the straightening of the roadway, and that took much longer That process just takes longer, and Mr. Wilson appealed that process Although he was not really appealing that process, he was really appealing the township's ability to proceed under eminent domain Why didn't you just voluntarily dismiss? In hindsight, no Wow, that would have been You would have saved us a bunch of time Your Honor, certainly, in hindsight, that is what we would have done, of course Is it too late to do that? Well, Your Honor, the truth is I'm asking, I don't know The truth is, Your Honor, if this court were to say, totally annoyed, the township would just start right over The township believes it's a safety issue, the township needs to straighten the roadway, the township will do so But you could moot the appeal if you did that, right? Well, we could, but No, that's okay, we're looking for work, it's not like that Well, Your Honor, we believe what the township did in this case was fully in accordance with the law And that's why we're here You know, the eminent domain statute and the administrative, or the statute on straightening the roadway, they're pretty extensive statutes And the township worked very hard to move from, you know, 601, 602, 603, 604 Those steps that are set forth in this court's decision on the administrative side, or the straightening of the roadway side The township worked very hard to follow those steps And did so properly I know we've mixed you up on your notes, but I'd like to go to these sanctions Why do you file a sanction under Rule 137 against these folks? Your Honor, we filed the sanctions because we thought it was totally inappropriate to file a motion for summary judgment A year and a half after the case was over That's just the bottom line The case was over, a year and a half later After they failed on this appeal They didn't appeal timely in this case Then they appeal on an issue they're not allowed to appeal Because they want to get it before the appellate court On the roadway side And then, it's time for a Hail Mary  And actually it's been over for a year and a half It felt entirely inappropriate Is that what Rule 137 says, though? You can file for sanctions just because you think something's inappropriate? No, Your Honor, and I'm sorry, I should not have phrased it that way We did not believe there was any justification under the law For the filing of a motion for summary judgment in a case that had been over for a year and a half There's no justification under the law So no reasonable inquiry that the pleading was well-grounded in fact And was not for the extension, modification, or reversal of existing law That's right, Your Honor And that's what was argued in the sanctions? It was what was argued And yet you stand here before us today And you can't tell us whether this order was void or voidable And you cannot answer the question of subject matter jurisdiction So if it was so clear, how come you can't do that? Your Honor, I do believe The court raised an issue that I had not considered with regard to subject matter jurisdiction at the beginning of the case At the time for filing the motion for sanctions It was clear to me that at the time we filed our first amended complaint We were fully in compliance with Goldman and they were raising Goldman That was how the township viewed the matter Additionally, further context in this case goes back to the testimony of Mr. Wilson Now Mr. Wilson was a very principled man I respect his opinion But he testified in this case Just doesn't believe the government should have the ability to take property by any domain Lots of people, it's a belief Some people have it It's a belief by many people It is, Your Honor And I respect the fact that the estate now is upholding this belief by being here But that's just not grounded in law The government is permitted to do that And in this case, there was a very valid reason for doing it Trying to straighten the roadway to make it more safe For those reasons, I would request that the court find that it did not have that The order of August 2012 was a final order There was no matter of substantial controversy to be decided after that order Therefore, this court would not have jurisdiction to hear this appeal aside from the issue of sanctions If that's true, what you just asked us to do, then What effect, if any, did the order of April 17, 2014 have? Why did it get in? What's its purpose? Its purpose was to say the case was over back then And that you have sanctions Not because you filed a motion of summary judgment But if it was over back then Then they wouldn't have even had the right to appeal that order The earlier order I agree with that Okay That's what we're saying They don't have the right to be here except on the issue of sanctions That's it And as to the issue of sanctions We would ask that the court find that the trial court did not abuse its discretion And that the sanctions should be affirmed Thank you Thank you, sir Thank you Okay Ms. Morrissey Yes Do you have rebuttal? Yes Yes, Your Honor, we do As a threshold matter, take us out of this Take the estate out of the matter Robinson Township did not have the authority to proceed with its eminent domain proceeding It didn't It doesn't dispute that It didn't It didn't have the authority pursuant to Goldman Pursuant to the YWCA case It did not have the authority pursuant to 10-570 At what point in time? At any point in time It still doesn't Well, there was a resolution passed The resolution cannot, pursuant to Goldman, retroactively legitimize the fact that it didn't have the authority at the time that it filed the subject matter The subject suit I understand But my question really is You're saying it didn't have the authority Correct It does, in general, have authority to do this You're just saying the timing was bad Correct, Your Honor However, pursuant to the Eminent Domain Act A public body can take this And that is why the exact provisions of the Eminent Domain Act are applicable here And does that not inherently give it subject matter jurisdiction? If it goes about it wrongly No, Your Honor, because that goes to the necessity And the necessity here was not established And the authority was not established prior to the filing of the Eminent Domain Act But that goes to whether or not it correctly followed the procedure And that's a void versus voidable finding What Robinson Township is asking this Court to do Is to ignore the express provisions of the Eminent Domain Act Which regulate the township in this instance It did not have the necessity element of the Eminent Domain Procedure I want to compare this to maybe perhaps a divorce situation Where a judge maybe did not follow findings that are specifically required Would you say then that they did not have authority to adjudicate a divorce? Your Honor, at the time that Robinson Township filed There was no necessity to take this property There was none There was no petition filed There was none Goldman YWCA Forest Preserve But that goes to whether or not they made the appropriate findings Under the requirements in the statute Not whether or not they had the actual authority to bring the action Your Honor, pursuant to 10-5-10 Which is the provision of the Eminent Domain Act Which specifies what the public body has to have The first element is listed authority Goldman says that it has to be necessary A retroactive application does not sustain the township's Eminent Domain Procedure This action is bad Not only that, it is ironic that the township is now stating That it is as of the date that it filed its First Amendment complaint When its whole motion to reconsider That was decided on August 21st Stated that the valuation should have taken place on August 4th, 2010 Which is when they originally filed it Not only that, they are making misrepresentations There was no agreement by any prior counsel And not only that, they couldn't have agreed There is no way that the circuit court even could have agreed That this amendment would have cured their deficient petition These, and according to And I was a little confused by that Are they talking perhaps that There was an agreement that they could file the amended complaint? Well first there's two One, there was no agreement at all There was only an No agreement about what? There was no agreement that they could That the estate would allow them to To refile based on their retroactive application So when we look in the record we'll see that That there was not a court order entered That allowed them to file the amended complaint No, the court entered the order That's what I meant to say That it wasn't by agreement of parties The agreement, no And in fact the only thing the estate said Is that it wouldn't necessarily oppose They are trying to move forward in saying that the estate agreed The estate couldn't agree Again, take the estate out of it Robin Township cannot and has not met its burden to prove That it did not have the requisite authority And the requisite The requisite necessity to take the property Eminent domain is a harsh Is a harsh taking of a property And again this is all It is a harsh remedy Especially when you're taking someone's property When it doesn't When they do not want it to be taken Regardless of the reasons Again, take the estate out of it It has no bearing But you agree that had they voluntarily dismissed And refiled after the resolution had been passed We wouldn't be here on this issue Absolutely, absolutely But they elected not to Your Honor, if I may briefly conclude Very quickly Very quickly Your Honor, just to conclude And to follow up the clarification As to what we're asking We are asking that this court Reverse the August 7th orders We're also asking it to reverse with direction To the circuit court to determine That there are no genuine issues of material fact That Robinson Township did not have the requisite authority Because it did not file their It did not pass this formal resolution We're also asking for attorney's fees Reasonable costs pursuant to 10-570B Because Robinson Township cannot proceed in good faith With this taking of the property Okay, thank you very much Thank you, Your Honor Appreciate it This matter will be taken under advisement And a dispositional issue will be forced Thank you both for coming